UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                  Cr. No. 07-20202

Melvin Robert Mosely, Jr.,                Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS
## BASED ON PRE-INDICTMENT DELAY

Defendant Melvin Robert Mosely, Jr. ("Defendant") is currently charged in a one count indictment with being a felon in possession of a firearm. Trial in this matter is scheduled to commence on June 3, 2008. The matter is currently before the Court on Defendant's Motion to Dismiss Based on Pre-Indictment Delay. The parties have briefed the issues and the Court held an evidentiary hearing on May 30, 2008. For the reasons below, Defendant's motion shall be DENIED.

### BACKGROUND

Defendant is charged in a one count indictment with being a felon in possession of a firearm. The incident in question occurred on July 13, 2006. On July 13, 2006, Defendant was wanted for parole violations. On that date, the officers involved had received information that Defendant was in the area of Lapeer and Avril in Flint, Michigan. Officers went to that intersection to look for Defendant and Defendant was arrested in that general area, after initially running from the officers. The officers claim that while Defendant was running from them, he

1

pulled a pistol from his waistband and threw it on the ground. Defendant denies that he had a pistol and claims that he was holding only a beverage and a cell phone during the incident.

It is undisputed that Defendant was indicted on April 18, 2007. Defendant's arraignment occurred on September 13, 2007. This case was originally scheduled for trial on November 6, 2007. At the request of both parties, however, trial was adjourned several times. Pursuant to a stipulation and order entered on April 3, 2008, trial was rescheduled for June 3, 2008. On May 22, 2008, less than three weeks before trial was to commence, Defendant filed the instant Motion to Dismiss Based on Pre-Indictment Delay.

A.  Summary Of Defendant's Position:

Defendant contends that he can establish prejudice because "the only neutral eyewitness was a woman named Toya Jones, whom Defendant contends would have supported his version" of events on the date in question. He states that Jones died on May 9, 2007, before Defendant was aware of the indictment. In his motion, Defendant does not explain the facts surrounding the underlying incident, what he contends Jones saw, or why he believes that she would corroborate his version of events.

Defendant also claims that the police car involved in the incident should have captured the events in question via video equipment on the squad car. Defendant submits that such a tape would have supported his version of events, but that he believes that a video tape of the incident in question no longer exists.

Defendant's motion does not explain how he intends to establish a tactical delay on the part of the Government. Rather, his motion notes that he must establish such tactical delay, but states only that "[t]his 'burden' underscores the need, in addition to all of the above reasons, for

an evidentiary hearing." (Def.'s Br. at 5).

B.      Summary Of The Government's Position:

The Government opposes the motion on several grounds. First, the Government contends that the motion is untimely.

The Government also opposes the motion on its merits. It notes that Defendant's motion does not even allege that the delay in indicting him was a device used by the Government to gain a tactical advantage against. It contends that given the absence of such allegations, the Court should deny the motion without even holding a hearing.

It further contends that even if the Court holds a hearing, there will be no evidence to establish a tactical delay. It contends that Defendant was arrested by state officers on July 13, 2006 and was incarcerated for a parole violation and that no federal officers/agents were involved in that incident. The Government contends that it was not asked to consider prosecution of Defendant until several months later, in December 2006 or January 2008, when a state officer asked the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) to do so. It further contends that  the ATF did not complete its case report until February 28, 2007, that report was delivered to the U.S. Attorney's Office that same day, the Government decided to pursue a federal indictment on April 9, 2007, and the indictment was presented to a federal grand jury which returned a true bill on April 18, 2007. The Government therefore asserts that Defendant will be unable to meet its burden with respect to establishing tactical delay on the part of the Government.

C.      The Motion Hearing / Evidentiary Hearing On May 30, 2008:

The Court heard oral argument on this motion, and conducted an evidentiary hearing with respect to same, on May 30, 2008. Defense counsel called the following witnesses at the evidentiary hearing, who were all cross-examined by counsel for the Government: Defendant, Detective Shawn Stimak ("Stimak") of the Flint Police Department, Cameron Henke ("Henke") an investigator for the Federal Defenders Office, and Marvin Darrell Logwood ("Logwood") an ATF agent. Below is a summary of the testimony given by these witnesses.

Defendant testified that he was talking on his cell phone when an unmarked, gray Monte Carlo stopped and a man jumped out of the vehicle, after which Defendant proceeded to run. Defendant testified that at the time he was arrested, a woman he knew named Toya Jones ("Jones") was standing across the street from him, approximately forty to fifty feet away. Defendant also testified that at the time he was arrested a marked Michigan State Trooper vehicle was at the scene and that he saw a video camera mounted at the dashboard, pointing toward the street. Defendant further testified that Jones died on May 9, 2007, after being shot.

Stimak, the officer who arrested Defendant, testified that on the date in question, he approached Defendant in an unmarked Monte Carlo. He testified that there were no Michigan State Trooper vehicles in the area. He also testified that he did not see any other individuals in the area during the incident and that he had never heard the name Toya Jones until the hearing.

Henke testified that he has done some investigation work for the Federal Defenders Office on this case. Henke obtained a copy of the death certificate for Jones, which was submitted as Exhibit A to Defendant's Motion. Henke also testified that, in this experience, a large number of police squad cars have video camera equipment.

4

Logwood then testified as to his role in the investigation. He testified that on December 28, 2006, he was asked by state authorities to pursue federal felon in possession charges against Defendant. He testified that there was no mention of any eye witnesses to the incident in any of the reports or statements he has reviewed. He also testified that there was no mention of a Toya Jones in any of the reports that he reviewed and that he had not heard that name until the hearing. He testified that there was no mention of any video tapes in any reports relating to the file.

For purposes of this motion, the Court hereby makes the following factual findings from the testimony given at the evidentiary hearing. On July 13, 2006, Defendant was wanted for parole violations. On that date, the officers involved had received information that Defendant was in the area of Lapeer and Avril in Flint, Michigan. Officers went to that intersection to look for Defendant. Defendant was talking on his cell phone at the intersection of Lapeer and Avril when an unmarked, gray Monte Carlo stopped and an officer jumped out of the vehicle, after which Defendant proceeded to run. Defendant was ultimately apprehended and arrested within minutes. No Michigan State Trooper vehicle was at the scene during the chase or arrest. Aside from Defendant and the officers in the Monte Carlo, there were no other individuals in the immediate area during the pursuit or arrest of Defendant.

## ANALYSIS

Both parties agree that *Rogers* accurately sets forth the applicable law regarding this motion. *United States v. Rogers*, 118 F.3d 466 (6th Cir. 1997).

In *Rogers*, the Sixth Circuit noted that Federal Rule of Criminal Procedure 48(b) provides that '[i]f there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, . . . the court

5

may dismiss the indictment.'" *Rogers,* 118 F.3d at 474 (quoting FED. R. CRIM. P. 48(b)). "Furthermore, the Supreme Court has stated that 'the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that . . . pre-indictment delay . . . caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.'" *Id*. (quoting *United States v. Marion,* 404 U.S. 307, 324 (1971)). Thus, to establish unconstitutional pre-indictment delay, the defendant must prove: 1) substantial prejudice to his right to a fair trial; and 2) that the delay was an intentional device by the government to gain a tactical advantage. *Rogers*, 118 F.3d at 474-76.

"The death of a potential witness during the pre-indictment period may demonstrate the requisite prejudice if the defendant can demonstrate that exculpatory evidence was lost and could not be obtained through other means." *Id*. at 475. "However, a defendant does not show actual prejudice based on the death of a potential witness if he has not given an indication of what the witness's testimony would have been and whether the substance of the testimony was otherwise available." *Id*. "Even where a defendant specifies what a deceased witness's testimony would have been, actual prejudice is difficult to prove." *Id.* Indeed, the Sixth Circuit has stated that the "standard for pre-indictment delay is nearly insurmountable, especially because proof of actual prejudice is always speculative." *Rogers,* 118 F.3d at 477 n.10.

Even if a defendant is able to establish actual substantial prejudice, he must also satisfy the second part of the test for unconstitutional pre-indictment delay by establishing that the delay was an intentional device by the government to gain a tactical advantage. That is, the defendant must show that the government purposely delayed in order to gain a tactical advantage over the

6

defendant. *Id*. With respect to this second part of the test, the Sixth Circuit has explained that "[i]t is well-established that a delay resulting from investigative efforts 'does not deprive [a defendant] of due process, even if his defense may have been somewhat prejudiced by the lapse of time.'" *Rogers*, 118 F.3d at 476.

With these standards in mind, the Court concludes that Defendant has clearly failed to meet his burden of establishing unconstitutional pre-indictment delay.

First, Defendant has not established the requisite substantial prejudice. This Court finds that neither Jones nor a Michigan State Police Trooper vehicle were at the scene. Thus, Jones was not an eyewitness to the incident that could have testified at trial and there was no video tape of the incident. Moreover, even assuming *arguendo* that Jones was at the scene, Defendant would still be unable to meet his burden of showing substantial prejudice due to the death of a witness because, even if Defendant's testimony was fully credited, there has been no evidence whatsoever to establish that Jones actually saw the events at issue, no evidence to establish what the substance of her testimony would have been, and no evidence regarding whether her testimony would have withstood cross-examination or whether the jury would have found Jones to be a credible witness. *Rogers, supra*.

Second, even if a defendant is able to establish actual substantial prejudice, he must also satisfy the second part of the test for unconstitutional pre-indictment delay by establishing that the delay was an intentional device by the government to gain a tactical advantage. Here, Defendant has not even *alleged,* much less established by the evidence presented, that any delay here was an intentional device by the Government to gain a tactical advantage. The Court therefore concludes that Defendant has failed to meet his burden of establishing unconstitutional

7

pre-indictment delay.

## CONCLUSION & ORDER

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss Based on Pre-Indictment Delay is DENIED.

IT IS SO ORDERED.


Dated: June 3, 2008
                S/ Sean F. Cox
                Sean F. Cox
                United States District Court Judge

---

## PROOF OF SERVICE

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on June 3, 2008.

                s/Jennifer Hernandez
                Case Manager to
                District Judge Sean F. Cox